IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMELIA VALENTINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-766-N-BN |
| | § | |
| AUTOTRADER.COM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* employment discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent stated below, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

Plaintiff Amelia Valentine filed this action on March 28, 2018. *See* Dkt. No. 3 (complaint simply stating, in whole, "discrimination, retaliation," attached to which is a Notice of Right to Sue letter). On March 30, 2018, the Court granted Valentine's motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. Nos. 5 & 6, and, to facilitate its obligation to screen actions filed IFP, issued a Notice of Deficiency and Order (the "NOD") – requiring Valentine to file an amended complaint in compliance with Federal Rule of Civil Procedure 8 – and a screening questionnaire, *see* Dkt. Nos.

7 & 8; *see also* 28 U.S.C. § 1915(e)(2)(B).

The amended complaint and verified questionnaire responses were to have been received by the Court no later than April 30, 2018, and Valentine was warned that "the failure to comply with [the NOD] by filing an amended complaint" and/or the "[f]ailure to provide complete answers to all questions may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to obey an order of the Court." Dkt. No. 7 at 1; Dkt. No. 8 at 1.

It is now more than one month past the deadline for compliance with the Court's orders – and it is more than two months since Valentine filed this action – and Valentine has yet to comply with the Court's orders or otherwise contact the Court.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). And the same rule authorizes a district court to "*sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the

motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By neither filing an amended complaint as required by the NOD nor responding to the screening questionnaire, and thereby preventing this action from proceeding, Valentine has failed to prosecute her lawsuit and also has failed to obey orders of the Court. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be

futile. The Court is not required to delay the disposition of this case until such time as Valentine decides to comply with the Court's orders. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But, to the extent that Valentine asserts Title VII or similar claims, given that the EEOC right-to-sue letter attached to her complaint was issued on March 20, 2018, *see* Dkt. No. 3 at 2, after the 14-day period for filing objections to the findings, conclusions, and recommendation, "this case cannot be timely refiled once dismissed as more than ninety days [will] have elapsed since [Valentine] received [the] right-to-sue letter from the EEOC. Thus, dismissal of [this] case even without prejudice will operate as a dismissal with prejudice," *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

The Court should therefore condition its dismissal without prejudice under Rule 41(b) to allow Valentine leave to file a motion to reopen this action on or before 30 days from the date of any order accepting the findings, conclusions, and recommendation. *Cf. Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting the same procedure where a Social Security appeal was dismissed without prejudice under Rule 41(b)), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July

20, 2017).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b) and without prejudice to Plaintiff Amelia Valentine filing a motion to reopen this case on or before 30 days from the date of any order accepting the findings, conclusions, and recommendation

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE